## CADILLAC–LA SALLE CORPORATION OF HOUSTON v. BERRY.

### No. 10709.

Court of Civil Appeals of Texas. Galveston.

Feb. 9, 1939.

Rehearing Denied March 16, 1939.

McFarlane & Dillard, of Houston, for appellant.

Edward S. Boyles, Bruce C. Billingsley, V. Lee McMahon, and Willard L. Russell, all of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $922.41 judgment in appellee's favor against appellant, entered by the 61st District Court of Harris County both upon a jury's answer to a special issue and upon the court's independent findings from the evidence, as appellee's resulting damages from appellant's breach of two written credit-memoranda it had issued to him for application on the purchase-price of a new car from it by him.

The material facts leading up to the result stated may be thus epitomized. The credits were these:

(1) "On February 8, 1932, appellant allowed appellee a credit of $250.00 for a used car delivered to appellant by appellee, such credit 'to be applied on purchase price of a new car'.

(2) "August 1, 1934. Please be advised that we recognize credit of $600.00 as

deposit on purchase of new Automobile by Mr. C. R. Berry.

"This amount will be credited to Mr. Berry upon purchase of a new car."

"On or about November 1, 1935, appellee offered to purchase a new LaSalle automobile from appellee, tendering the two credits, aggregating $850.00, on the purchase price thereof. Appellant did not deny its liability to appellee under both of the above mentioned credit memoranda and did not object to appellee's selection of a LaSalle car, but refused to accept both of the credits on the same car, contending, in effect, that each credit contemplated the purchase of a new car, and that in order to utilize both credits it would be necessary to purchase two new cars. * * *

"Thereafter, appellee instituted this suit against appellant for breach of contract in refusing to accept the credits it had allowed, praying for damages in the amount of $850.00, with interest thereon at the legal rate. Appellant, in its answer, alleged that each of the two credits contemplated the purchase of a new car, that it would not, therefore, allow both credits on the purchase of one car. * * *

"Appellant acknowledges its liability to appellee under both of such instruments, but seeks to incorporate into the transactions, by custom, a provision not mentioned in either instrument, which would vary materially the terms and effect of both."

The learned trial court submitted as the ultimate issue of fact so raised in the controversy by the pleadings and evidence this inquiry:

."Special Issue No. 1. Do you find from a preponderance of the evidence that during the period of time beginning May 1, 1931, and extending through August 1, 1934, a custom and general practice existed among the automobile dealers in and about the City of Houston, Texas, whereby in the sale of new cars more than one credit would not be accepted on the sale of any new car where a used or second-hand car was traded in as a credit on the purchase price of a new car?

"Answer 'such custom did exist', or 'such custom did not exist', as you find the fact to be."

Certain further contingent inquiries were appended to be answered only in the event the quoted No. 1 was answered that such custom did exist, touching whether it had been made known to the appellee before August 1, 1934, whether a person of ordinary prudence would have so known of its existence, and whether before the delivery to appellee of the No. 2 memorandum it had been mutually intended and agreed between the parties, "though not expressed in words", that only one of the credits was to be applied on the purchase of a new car.

The jury answered issue No. 1: "Such custom did not exist."

In this court appellant, through able counsel, makes main contentions, in substance, to the effect that the jury's quoted answer was against the overwhelming preponderance of the evidence, that the jury was guilty in several specified respects of such improper conduct as vitiated their verdict, and that the court should have submitted an issue to the jury calling for and "fixing the measure of damages on the basis of quantum meruit, rather than on contract".

After careful consideration of the record—inclusive of the statement of facts—this Court is unable to find merit in the appeal, since the evidence seems to it to have amply supported, if indeed it did not actually require, the verdict rendered. It is not the intermediate appellate court's bounden duty to detail, nor even to undertake a comprehensive resume of, the evidence in demonstration of its conclusion therefrom; suffice it to say, however, that in this instance the written memoranda sued upon plainly and specifically allowed the appellee the respective credits of $250 and $600 on the purchase-price merely of "a new car" and not on that of "a new Cadillac car", as appellant insists; further, that the purport of the evidence as a whole—especially that of appellant's own witnesses—was to the effect that no such specific custom as it grounded its case upon existed, that, on the contrary, the witnesses intended to testify merely that it was the custom among auto-dealers not to accept more than one used car as a "trade-in" on a new car, and not to refuse to accept two credits on the purchase-price of a new car, even though only one of them was for a used car or a "trade-in", as appellant urges.

Since the undisputed evidence—inclusive of the appellant's own admission—showed that it did breach the contract evidenced by the two memoranda, which upon their face reflected the legal measure of dam-

ages for such breach, the judgment must stand, unless tainted by the jury's alleged misconduct in arriving at it.

No such taint, in the opinion of this court, was established, in that the record affirmatively negatives any reasonable inference that any member of the jury was improperly influenced by the conduct shown to have occurred; the learned trial court, on the hearing for a new trial upon appellant's motion setting up such claimed misconduct as a ground, fully developed the underlying facts from members of the jury; it was indisputably thereby brought out that different members of the jury merely mentioned at the outset of their consideration certain personal experiences of their own, like that testified to by the juror McDaniel, that one of the jurors stated "he had traded five credits in on one car", and that several others stated they wanted to give the case to the appellee—in which sentiment the whole jury appeared to join; but that the foreman at once effectively admonished them all against such injections, and shut off all such discussions; that the jury thereafter discussed and considered all of the evidence very thoroughly before reaching a verdict, and that no one of its members had been in any way influenced in reaching a verdict by the expressions referred to.

Appellant, in building its argument for materiality and alleged injurious effect of these expressions in the jury room, repeatedly asserts that witnesses testified to the existence of the custom declared upon, "without controversion by adverse witnesses", but, as indicated supra, no such a premise for the argument, in the opinion of this court, may be laid—the ultimate purport and effect of the evidence on that issue to the contrary having already been shown.

Furthermore, conduct of juries—though perhaps improper—not in legal effect different from that here shown, has been held by our Supreme Court not to have required the trial court, against its own discretion, to order a new trial. Bradley v. Texas & P. R. Co., Tex.Com.App., 1 S.W.2d 861; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770.

Further discussion is deemed unnecessary, since these conclusions require an affirmance of the learned trial court's judgment; it will be so ordered.

Affirmed.